PER CURIAM:
The claimant, W. Stephen Riggs, seeks an award of $3,500.00 from the respondent, Division of Highways, for damage to his vehicle, a 1985 Chevrolet S-10 Blazer. The damage *96 occurred during the early morning hours of August 6, 1995, at the intersection of Twenty-Fourth Street and Grand Central Avenue in Vienna, Wood County. At this time, the vehicle was driven by the claimant’s son, Gregory Riggs. According to Mr. Riggs, he was accelerating from a stop sign while turning onto Grand Central Avenue. However, when the vehicle crossed a steel grate over a storm drain inlet, the grate popped up and struck the undercarriage of the vehicle. Mr. Riggs estimated he was driving ten miles per hour, and the vehicle came to an immediate stop upon impact with the steel grate. Photographs of the storm drain indicated that the concrete which supported the steel grate was remarkably deteriorated. The storm drain was located near the edge of Grand Central Avenue, and it was directly in the path of motorists turning onto Grand Central Avenue from Twenty-Fourth Street.
As a result of the accident, the vehicle sustained severe damage to the undercarriage and frame. Several receipts for replacement parts and repairs made to the vehicle were admitted into evidence. These receipts indicated that the claimant has sustained an economic loss of $2,113.51.
Edward Toothman, a crew leader for the respondent in Wood County, testified that his responsibilities include general road maintenance where the accident occurred. According to Mr. Toothman, Grand Central Avenue is a top priority road on which numerous storm drains are located. Mr. Toothman further testified that the respondent was unaware of the condition of the storm drain prior to the accident. However, the record revealed that the respondent does not have a procedure for periodically checking the condition of storm drains.
In West Virginia, it is well established that the respondent has a duty to maintain roads in a reasonably safe condition. Although this duty does not make the respondent liable for every subtle defect on a roadway, it does require the respondent to monitor road conditions on heavily traveled roads in a reasonable and prudent manner.
The evidence presented in this claim illustrated that the respondent does not inspect storm drains, but instead waits for an accident to occur before any repairs are performed. Although this Court is not unmindful of the fact that there are numerous storm drains on roads throughout West Virginia, the respondent’s failure to examine the condition of storm drain inlets, in even cursory manner, does not meet the standard of maintaining roads in a reasonably safe condition. This is especially true on top priority roads where storm drains are likely to be crossed by numerous vehicles on a daily basis. The Court, for the reasons stated above, finds that the respondent is liable for the damage caused to the claimant’s vehicle.
Accordingly, the Court makes an award to the claimant in the amount of $2,113.51.
Award of $2,113.51.